UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:01-CR-91 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CHRISTOPHER COFFELT ) | |

**MEMORANDUM**

Before the Court is Defendant Christopher Coffelt's ("Defendant") motion to dismiss for violation of the Speedy Trial Act (Court File No. 67). The United States of America ("Government") filed a timely response (Court File No. 68) and Defendant filed a reply (Court File No. 69). The parties also filed an agreed stipulation of facts (Court File No. 71). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 67) and all counts of the Superseding Indictment (Court File No. 8) will be **DISMISSED** without prejudice.

**I.    RELEVANT FACTS**

On December 6, 2001 Defendant pleaded guilty to Count Eight of an eight-count Superseding Indictment, charging him with conspiring with others to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Court File No. 34 & 35). On April 19, 2002, the Court accepted Defendant's guilty plea, he was convicted of Count Eight of the Superseding Indictment and sentenced to 110 months imprisonment and four years of supervised release (Court File No. 46 & 71). On the same day, the Court dismissed the remaining counts of the Superseding Indictment (Court File No. 46 & 65). Final judgment entered

on May 1, 2002 (Court File No. 48).[1]

Defendant appealed his conviction alleging the factual basis of the plea agreement did not support the crime to which he pleaded guilty (Court File No. 71 at ¶ 1). On October 18, 2005, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") vacated Defendant's conviction and sentence and remanded his case to this Court for further proceedings. *United States v. Coffelt*, 145 Fed.Appx.996, 997 (6th Cir. 2005).[2] On November 9, 2005 the Sixth Circuit issued a mandate with respect to the vacation of Defendant's conviction which was filed with this Court on November 14, 2005 (Court File No. 57).

On January 4, 2006, the Court issued an order scheduling a re-sentencing of Defendant for April 7, 2006 (Court File No. 58)[3] and an order Defendant be transported to a place of incarceration in Chattanooga, Tennessee (Court File No. 59). On February 14, 2006 the Magistrate Judge issued an order granting Defendant's new counsel Robert Colacarro's motion for leave to appear *pro hac vice* (Court File No. 61). The parties stipulate that shortly after his admission, Defendant's counsel contacted the Court to notify it the re-sentencing was improper since Defendant's conviction had been vacated (Court File No. 71 at ¶ 9). On April 18, 2006 the Court issued an order setting the matter for a jury trial on June 26, 2006 (Court File No. 62) as well as another transport order (Court File No. 63). James Brooks made an appearance on behalf of the Government on May 3, 2006 (Court File No.64). On May 10, 2006 the Government filed a motion to reinstate Counts One

---

[1] The parties state this date incorrectly in their stipulation (Court File No. 71 at ¶ 2).

[2] During the time the appeal was pending, counsel for both parties changed (Court File No. 71 at ¶ 4).

[3] The Court incorrectly set the case for a resentencing in accordance with *Booker* (Court File No. 58).

through Seven of the Superseding Indictment previously dismissed (Court File No. 65), which the Court granted (Court File No. 66).

On June 19, 2006, the Government filed a two-count Bill of Information against Defendant alleging violations of 21 U.S.C. § 843(a)(6) which prohibits wrongful possession of materials which may be used to manufacture a controlled substance with reasonable cause to believe such materials would be used for that purpose in a new case number, 1:06-CR-70 (Case No. 1:06-CR-70, Court File No. 1).[4] Thereafter, the June trial date was postponed to August 21, 2006 and a "hearing/final pretrial conference . . . to determine if the Court should accept the defendant's plea agreement" was scheduled for August 10, 2006 (Case No. 1:06-CR-70, Court File No. 2).

At the hearing/final pretrial conference on August 10, 2006, the parties appeared before the Court to explain what had happened at the original guilty-plea hearing and to persuade the Court that Defendant should be allowed to enter a guilty plea to each count of the Information (Case No. 1:06-CR-70, Court File No. 3). The Court was understandably troubled by the earlier proceeding and suggested to counsel for both sides they might consider approaching other judges of this Court to see if they might consider accepting Defendant's guilty plea. Apparently, the parties were unsuccessful in those efforts (Court File No. 71 at ¶ 21). Ultimately, the Court did not accept Defendant's guilty plea and the trial was rescheduled for September 18, 2006 (Case No. 1:06-CR-70, Court File No. 3). On September 11, 2006, Defendant then filed a motion asking the Court to reconsider its decision not to accept his guilty plea to the two-count Information (Case No. 1:06-CR-70, Court File No. 4) as well as a motion to continue the trial on September 12, 2006 (Case No.

---

[4] Unless otherwise indicated, all references to Court documents are from Case No. 1:01-CR-91.

1:06-CR-70, Court File No. 5). The Court granted the motion for a continuance and set a new trial date of November 6, 2006 (Case No. 1:06-CR-70, Court File No. 6). On September 12, 2006, Defendant also filed a motion to dismiss case number 1:01-CR-91 pursuant to the Speedy Trial Act (Court File No. 67). The Government filed a response on October 20, 2006 and Defendant filed a reply on October 24, 2006 (Court File Nos. 68 & 69).

On November 17, 2006, the Court granted Defendant's motion for reconsideration in case number 1:06-CR-70 which allowed Defendant to proffer another plea of guilty to the Court and ordered a guilty-plea hearing to be held on December 14, 2006 (Case No. 1:06-CR-70, Court File Nos. 7 & 8). On or about December 11, 2006, Defendant's counsel requested that the Court postpone the guilty-plea hearing until the Court made a ruling on his motion to dismiss (Court File No. 70 & 71 at ¶ 26). The Court ordered the parties to file proposed findings of fact or a joint stipulation of facts regarding Defendant's motion to dismiss on January 30, 2007 (Court File No. 70), which the parties did on February 13, 2007 (Court File No. 71).

## II. DISCUSSION

### A. Dismissal of the Superseding Indictment

In his motion Defendant contends the eight counts pending against him should be dismissed because he was not provided with a speedy trial as required under 18 U.S.C. § 3161(e). In its response the Government seems to agree with Defendant's contention by stating, "defendant's speedy trial claim may technically be warranted." (Court File No. 68 at ¶ 4) Under 18 U.S.C. § 3161(e) ("Speedy Trial Act"):

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial

> becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

18 U.S.C. § 3161(e). This subsection applies to cases in which a guilty plea is collaterally attacked and vacated, even though a defendant was never "tried" a first time. *United States v. Bond*, 956 F.2d 628, 631 (6th Cir. 1992). The circuits are split as to when to begin counting the limitations period under section 3161(e). *Id*. at 631-32. "In the context of an appeal of an earlier trial court decision, the circuits have agreed that the operative date is either the date that the court of appeals' decision ordering retrial is released, or the date when the district court received the court of appeals' mandate that retrial is necessary." *Id*. (internal citations omitted). The Sixth Circuit has not explicitly chosen either of these options. *Id*. at 632. Therefore, the Court will calculate the limitations period under both.

The Sixth Circuit's opinion ordering retrial of this case was released on October 18, 2005. *See Coffelt*, 145 Fed.Appx.at 996-97. Seventy days from that date is December 27, 2005, one-hundred and eighty days from that date is April 16, 2006. The Sixth Circuit issued its mandate on November 9, 2005.[5] Seventy days from that date is January 18, 2006, one-hundred and eighty days from that date is May 8, 2006 (Court File No. 71 at ¶¶ 8, 17). The Government argues the one-hundred and eighty-day extension was warranted, however, Defendant's trial did not commence

---

[5] *See United States v. Crooks*, 826 F.2d 4, 5 (9th Cir.1987)(finding the date the district court receives the court of appeal's mandate is the day the mandate was issued).

before any of the foregoing dates; therefore, it is not necessary for the Court to consider this issue.[6]

Section 3161(h) provides a list of exclusions in computing the time within which the trial must commence. 18 U.S.C. § 3161(h). The Government argues Subsection (h)(1)(I) applies. Under this exclusion, "any delay resulting from consideration *by the court* of a proposed plea agreement to be entered into by the defendant and the attorney for the Government" shall be excluded in computing the time which the trial must commence. 18 U.S.C. § 3161(h)(1)(I)(emphasis added). The Government argues from November of 2005 until at least October of 2006 the Defendant's attorney and the Government were involved in plea negotiations which resulted in the filing of an Information and an attempted plea on August 10, 2006 (Court File No.68 at ¶ 2). The parties stipulate that from January 11, 2006 up until at least April 5, 2006, counsel for the Government and Defendant's counsel engaged in plea agreement negotiations (Court File No. 71 at ¶ 7-14). By its plain language, this exclusion does not apply to plea negotiations between the parties. It tolls the seventy-day limitations period for time the Court is considering a proposed plea agreement. This would require the Court to have possession of a plea agreement. The record does not reflect when the Court actually received a proposed plea agreement for consideration; however, the Government alleges it provided the Court with one on June 19, 2006 (Court File No. 68 at ¶ 4). The seventy-day, as well as the one-hundred and eighty-day, limitations period had already expired by that date; therefore, this exclusion does not apply.

Under the principles of the Speedy Trial Act, Defendant's trial should have occurred on or before May 8, 2006, at the very latest. Responsibility for speedy trial enforcement rests on the

---

[6] Additionally, the Government never requested an extension of the seventy-day deadline (Court File No. 71 at ¶ 8).

Court as well as the Government. "The monitoring of the limitations period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement." *United States v. Perez-Reveles*, 715 F.2d 1348, 1353 (9th Cir. 1983)(citing *United States v. Didier,* 542 F.2d 1182, 1186-87 (2d Cir.1976); *United States v. Roemer,* 514 F.2d 1377, 1382 (2d Cir.1975)). The Government took no action to ensure Speedy Trial Act provisions were adhered to by the Court. The parties stipulate the Government never contacted the Court to notify it that the order scheduling Defendant's re-sentencing was not proper (Court File No. 71 at ¶ 9). The Court must also shoulder some of the blame for initially setting the case for re-sentencing instead of trial.

Since Defendant was not brought to trial within the applicable limitations periods, the sanctions contained in the Speedy Trial Act mandate dismissal of the Superseding Indictment on the Defendant's motion. 18 U.S.C. § 3162; *United States v. Jenkins,* 92 F.3d 430, 438 (6th Cir.1996). The Court finds there was a violation of the Speedy Trial Act, 18 U.S.C. § 3161(e), and accordingly will **DISMISS** all counts of the Superseding Indictment pending against Defendant.

    **B.**     **Dismissal With or Without Prejudice**

The remedy for a speedy trial violation is dismissal of the indictment on motion of the defendant. *See* 18 U.S.C. § 3162(a)(2); 18 U.S.C. § 3161(e). Dismissal may be with or without prejudice under the Act. *United States v. Bilsky*, 664 F.2d 613, 617 (6th Cir. 1981). "A dismissal with prejudice by a court bars the reprosecution of a defendant on the same charge, but a dismissal without prejudice does not have the same effect." *Id*. at 617 (citing 18 U.S.C. § 3162(a)(1)-(2)). "The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." *United States v. Howard*, 218 F.3d 556,

561 (6th Cir. 2000)(citing 18 U.S.C. § 3162(a)(2); *United States v. Taylor*, 487 U.S. 326, 337 (1988)). However, it enumerates three factors a court shall consider in determining whether to dismiss a case with or without prejudice: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *See also Taylor*, 487 U.S. at 336-37; *United States v. Robinson* 389 F.3d 582, 588 (6th Cir. 2004)(indicating district courts should set forth written findings with regard to each of these factors for appellate purposes). Each of these factors counsel a dismissal without prejudice in Defendant's case. The Court will consider them in turn.

1. *Seriousness of the Offense*

Defendant does not dispute the first factor favors dismissal without prejudice. Comparing the offense to other crimes is the primary method of judging the seriousness of the offense; however, "that does not mean that a mechanical test based upon the Guidelines" is necessary. *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994). "Rather, the Speedy Trial Act's requirement that courts must consider 'the seriousness of the offense' simply demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *Id*. at 149.

Count Eight of the Superseding Indictment charged Defendant with involvement in a drug manufacturing conspiracy in violation 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Court File No. 8). "In *Thompson,* the Sixth Circuit found that the charges of possession of crack cocaine with intent to distribute, carrying and using firearms in relation to a drug trafficking crime, and possessing an unregistered shotgun constituted a serious offense." *United States v. Martinez*, 47 F.Supp.2d 906, 911-12 (M.D. Tenn. 1999)(citing *United States v. Thompson*, No. 94-4157, 1995 WL 438398 *1-3
8

(6th Cir. July 24, 1995)). Even though the instant case does not involve firearms, Defendant was charged with conspiracy to manufacture 50 grams or more of a substance containing methamphetamine, a Schedule II controlled substance.[7] Considering the amount and type of controlled substance involved, the Court finds this is a serious offense. *See Martinez*, 47 F.Supp.2d at 912 (finding possession of marijuana with intent to distribute and conspiracy to possess marijuana with intent to distribute serious offenses even though they did not involve firearms).

Additionally, the statutory provisions for these violations subjected Defendant to a sentence of five (5) to forty (40) years, at least four (4) years of supervised release and a fine of up to $2,000,000. 21 U.S.C. § 841(b)(1)(B). Defendant was sentenced to a little over nine (9) years imprisonment and four (4) years of supervised release (Court File No. 48). In the Sixth Circuit, courts may look to the length of a sentence to determine the seriousness of the offense. *See Howard,* 218 F.3d at 561. Given the substantial statutory sentence range and the length of the sentence imposed, the offenses charged against Defendant were serious and favor dismissal without prejudice.

2. *Facts and Circumstances Leading to the Dismissal*

As previously discussed, under the Speedy Trial Act Defendant's trial should have occurred on or before May 8, 2006, at the very latest. The Court must shoulder some of the blame for this violation as it first set Defendant's case for re-sentencing, rather than setting it for trial (Court File No. 58). The Government must also shoulder some of the blame since it did not inform the Court that re-sentencing was improper (Court File No. 71 at ¶ 9).

---

[7] Count Six of the Superseding Indictment charges Defendant with knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and Count Seven charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Court File No. 8). However, Defendant did not plead guilty to either of these Counts; therefore, they will not be considered by the Court.

9

Based upon their stipulation, the parties engaged in plea negotiations from January 2006 up until at least April 5, 2006, when Defendant requested that the Government reconsider its position and offer a plea bargain which would result in a time-served sentence (Court File No. 71 at ¶ 7-14). It is clear the parties engaged in plea negotiations well after that date. On March 2, 2006, the Government's counsel sent correspondence to Defendant's counsel which offered Defendant a proposed plea agreement whereby he could plead guilty to a two-count Information charging violations of 21 U.S.C. § 843(a)(6), which prohibits possession of equipment, chemicals, products and materials which may be used to manufacture a controlled substance (Court File No. 71 at ¶11). Thereafter on June 19, 2006, the Government filed a two-count Information charging Defendant with the same two violations in a new case number 1:06-CR-70. The Government argues the parties' plea negotiations from November 2005 until at least October 2006 resulted in the filing of this Information and the attempted plea in August 2006 (Court File No. 68 at ¶ 2). The Government also maintains it provided the Court with a written plea agreement for the Court's review in June 2006 (Court File No. 68 at ¶ 4).

As the parties were engaged in plea negotiations, the Court entered an order in April 2006 scheduling Defendant's trial for June 2006 and subsequently rescheduled Defendant's trial date to August 2006 for the same reasons. The second order explicitly refers to Defendant's intent to plead guilty as it also scheduled a hearing to determine if the Court should accept the defendant's plea agreement (Case No. 1:06-CR-70, Court File No. 2). On August 10, 2006, Defendant came before the Court and attempted to enter a guilty plea to the two-count Information (Court File No. 71 at ¶ 21). The Court did not accept his guilty plea and reset the trial for approximately a month later (Court File No. 71 at ¶ 21). Thereafter, Defendant actively pursued the Court's acceptance of his

plea agreement by filing both a motion for reconsideration and a motion to continue pending the outcome of his motion to reconsider (Case No. 1:06-CR-70, Court File Nos. 4 & 5).

Even though there was a delay in violation of the Speedy Trial Act, the Court finds there is no evidence of prosecutorial bad faith nor any attempt to take tactical advantage of the delay by the Government. Nor is there evidence of any affirmative misconduct by either party. Both parties were attempting to reach a plea agreement throughout the period of delay. During that time, the Government's as well as the Court's inadvertence allowed the limitations periods to expire. *See Robinson*, 389 F.3d at 588 (finding this factor favored dismissal without prejudice where record indicated the delay did not result from prosecutorial misconduct nor any attempt to take advantage of the delay); *Thompson,* 1995 WL 438398, at *3 (noting "[t]he record shows no procedural abuse by any party" in deciding to dismiss the indictment without prejudice); *Martinez*, 47 F.Supp.2d at 912 (finding dismissal without prejudice appropriate where no party, not even the Court, was aware of any speedy trial concerns).

Even though the Government inadvertently allowed the delay during plea negotiations, Defendant has not shown a pattern of negligence or bad faith on the part of the prosecutors. Additionally, there was no protracted and inexcusable period of inactivity on the part of the district court that warrants dismissal with prejudice. *See Howard,* 218 F.3d at 561. The Court finds Defendant actively attempted to plead guilty to lesser charges throughout the pendency of these proceedings which led to delay and the Government did not receive any tactical advantage from the delay.[8] Therefore, even though the delay was not insubstantial, it was not severe enough to warrant

---

[8] Defendant filed a motion to reconsider acceptance of his guilty plea on September 11, 2006 in Case No. 1:06-CR-70 and the instant motion to dismiss on speedy trial grounds the next day, September 12, 2006, in this case.

a dismissal with prejudice considering all of the facts and circumstances. *Robinson*, 389 F.3d at 589 (finding district court's delay not severe enough to warrant dismissal with prejudice); *see also United States v. Koory,* 20 F.3d 844, 848 (8th Cir.1994) ("We find that a 59-day delay, while not insubstantial, is not so substantial that dismissal with prejudice is mandated regardless of the other circumstances.").

As there is no evidence of affirmative misconduct on the part of any party, the violation in this case was inadvertent. "Where there is no affirmative misconduct by either party, the court's conclusion that this second factor authorizes dismissal with or without prejudice is a matter within its discretion." *Pierce,* 17 F.3d at 149. Accordingly, considering the totality of the facts and circumstances leading to the dismissal on speedy trial grounds, the Court finds this factor also favors dismissal without prejudice.

### 3. *Impact on Administration of the Act and Justice*

"The last factor this Court must consider is the impact of the reprosecution on the administration of justice. The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Robinson*, 389 F.3d at 589 (citing *Howard,* 218 F.3d at 562 (internal citations and quotation marks omitted)). The Court has already found no prosecutorial misconduct occurred which would warrant dismissal with prejudice. Therefore, the focus will be on whether Defendant has shown actual prejudice as a result of the delay. Defendant must show some particularized actual prejudice as a result of the delay such as: prejudice to a defense on the merits (a loss of evidence due to the delay), interference with defendant's liberty (whether he is on bail or

not), disruptions in his employment, drain of his financial resources, subjection to public obloquy and creation of anxiety in him, his family and his friends.[9] *Robinson*, 389 F.3d at 589 (citing *Taylor*, 487 U.S. at 340).

Defendant alleges his liberty was impacted by the delay as he has spent significant additional time in prison (Court File No. 67). Defendant was originally sentenced to 110 months imprisonment. He has been detained since September 27, 2001 (Court File No 22). Therefore, Defendant has been imprisoned for approximately five and one-half years to date. The parties stipulate that if Defendant would have pled guilty, as he aggressively attempted, to a two-count Information charging violations of 21 U.S.C. § 843(a)(6) he would have received only a fourteen (14) month reduction in his original sentence (Court File Nos. 71 at 11). Thus, the delays have not resulted in any interference with Defendant's liberty to date.

As there is no evidence of either bad faith or a pattern of negligence on the part of the Government and Defendant has not shown actual prejudice as a result of the delay, this factor also warrants dismissal without prejudice. After giving consideration to all three factors above, the Court finds all counts of the Superseding Indictment will be **DISMISSED** without prejudice.

## III. CONCLUSION

Based upon the above reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 67) and all counts of the Superseding Indictment against Defendant will be **DISMISSED** without prejudice.

---

[9] Defendant fails to allege any particularized prejudice to his defense or trial preparation caused by the delay. Therefore, these issues favor dismissal without prejudice.

13

An Order shall enter.


                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**